**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAJARO VALLEY UNIFIED SCHOOL DISTRICT,<br><br>             Plaintiff,<br><br>     v.<br><br>J.S., et al.,<br><br>             Defendants. | Case No.: C 06-0380 PVT<br><br>**ORDER SETTING SCHEDULE FOR SUPPLEMENTAL BRIEFING** |

      On September 19, 2006, pursuant to the schedule set by the court, Plaintiff filed a motion for summary judgment. Defendants opposed the motion and filed a cross-motion for summary judgment. Plaintiff filed a reply and opposition to the cross-motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this interim order. Based on the papers submitted,

      IT IS HEREBY ORDERED that, no later than October 31, 2006 Plaintiff shall file a supplemental brief regarding:

      1)      Whether Plaintiff's inclusion of an eligibility determination in its assessment of J.S.

rendered the assessment inappropriate;[1] and

2) Whether Plaintiff's reference to expulsion proceedings at the very outset of the assessment under "Reason for Assessment" evinces a bias that renders the assessment inappropriate, so as to warrant public funding of an independent educational evaluation.

IT IS FURTHER ORDERED that, no later than November 7, 2006, Defendants shall file a response to Plaintiff's supplemental brief.

Dated: *10/20/06*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] At the hearing before the administrative law judge, Plaintiff argued that the statement regarding eligibility in the assessment was merely a "recommendation." However, it appears from the evidence in the record that Plaintiff treated that statement as the actual finding of non-eligibility. In a letter to defense counsel dated June 21, 2005, Carol Lankford, the Director of SELPA/Special Services, stated: "As you know, our District recently completed a special education evaluation for [J]. Based upon the results of this evaluation, [J's] IEP team found that he was not eligible for special education." (*See* Exh. I to the Declaration of Laurie E. Reynolds in Support of Plaintiff's Motion for Summary Judgment.) The letter goes on to discuss a Section 504 plan as well as plans to conduct a "manifestation determination" related to a particular behavioral incident. The letter makes no mention of any future plans to hold any further proceedings with J's mother and his IEP team pursuant to 34 C.F.R. section 300.534(a)(1). Thus, it appears Plaintiff made the eligibility determination without including J's mother in the decision-making process for reaching that determination. If Plaintiff believes this is incorrect, Plaintiff may submit with its supplemental brief evidence that further proceedings *were* conducted pursuant to 34 C.F.R. section 300.534(a)(1) after issuance of the May 16, 2005 assessment report.